JOHNSON, Justice
 

 would grant the rehearing
 
 [1]
 
 and reinstate the trial court’s ruling for the following reasons:
 

 | [Defendant, Tyrone Wells, is charged with the July 11, 2003, first degree murder of Jose Vasquez. The State filed two motions in limine seeking to introduce into evidence a recorded telephone conversation between the defendant and an unidentified female. The conversation referenced a tattoo on the defendant’s head. When asked by the female what the tattoo stated, the defendant declined to say over the phone, but stated that “[fit’s something related like, similar to like my charge.” The tattoo at issue is the word “assassin.” The State sought to establish the admissibility of the conversation as an admission of a party opponent and as impeachment evidence.
 

 The trial court ruled that the conversation was inadmissable as impeachment evidence because the State failed to lay a proper foundation by connecting the ^defendant’s tattoo to the crime at issue. Further, the trial court ruled that the conversation was inadmissible as an admission of a party opponent because the phone conversation was not relevant, and even if it was relevant, its probative value was outweighed by its danger of unfair prejudice. Additionally, the trial court ruled that the conversation was impermissible character evidence. The Fourth Circuit Court of Appeal denied the State’s writ application. However, this Court granted the State’s writ application, finding the conversation to be admissible.
 

 In my view, the State has not related the tattoo to the charged crime, and it is therefore irrelevant. The issue the jury must decide is whether the defendant killed the victim in the course of a robbery.
 
 *188
 
 The fact that he has a tattoo of the word “assassin” on his skull is irrelevant, especially when the State has presented no evidence of any connection between the tattoo and the murder. While a tattoo may generally be relevant for purposes of identification, the State, in its writ application, concedes that the tattoo did not exist at the time of the murder, and was obtained since the defendant has been incarcerated. Thus, it clearly cannot be used as an element of identification. Furthermore, even if the tattoo was somehow relevant, any probative value would be outweighed by the danger of unfair prejudice. La. C.E. art. 403 provides that “[although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue dely, or waste of time.”
 

 The State’s action in seeking to introduce the phone conversation is an attempt to introduce impermissible character evidence. La. C.E. art. 404(A) provides that “[ejvidence of a person’s character or a trait of his character, such as a moral quality, is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion.” Here, there is no doubt that the State simply wants to put the |,.¡evidence of the tattoo in front of the jury in an attempt to show that the defendant is a bad person, or has a violent personality and acted in conformity therewith. Such evidence is prohibited by La. C.E. art. 404(A).
 

 Additionally, I do not find that the conversation was an admission against interest. My review of the recorded conversation demonstrates that the defendant merely stated that the tattoo could be similar or related to his charge.
 

 Furthermore, the issue of the tattoo has previously been before this Court. In
 
 State v. Tyrone Wells,
 
 09-KK-2324, this Court denied the State’s writ application wherein the State sought review of the lower court’s rulings which rejected the State’s attempts to shave the defendant’s head and photograph that “assassin” tattoo. While the State argued that it simply wanted to collect evidence for investigation, the trial court noted that collecting this evidence would leave the Defendant with a shaved head, viewable by the jury, regardless of any rulings on admissibility. Moreover, it was clear from the trial court’s
 
 per curiam
 
 in the previous matter that the State, knowing that it could not obtain the trial court’s approval to collect this evidence, tried to obtain the evidence through a magistrate’s order, without the trial court’s knowledge. Such actions demonstrate the great lengths that the State has gone through to get the evidence of the “assassin” tattoo before the jury. The current writ application is yet another attempt to have the evidence of the tattoo deemed admissible, and to relitigate the issue of the admissibility.
 

 We review these evidentiary matters under an abuse of discretion standard. I find that the trial court did not abuse its discretion in ruling that the recorded conversation was inadmissible. The existence of the defendant’s tattoo has not been shown to have any connection with the charged crime. The State should not be allowed to present to the jury evidence of the existence of this tattoo simply to show Uthat the defendant is a bad person. The trial judge’s reasons for judgment reflect his careful consideration of these issues, and should not be disturbed by this Court.
 

 [1]
 

 . The defendant was not served with a copy of the State's writ application, and thus filed his opposition subsequent to this Court granting the State's writ. Thus, this Court has treated the defendant’s opposition as a motion for rehearing.